IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALAINE WOODS                                                                                    PLAINTIFF

V.                                        NO. 3:20-CV-00321-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                            DEFENDANT

## ORDER

I. **Introduction:**

Plaintiff, Alaine Woods ("Woods"), applied for disability benefits on March 26, 2018, alleging a disability onset date of August 16, 2014. (Tr. at 15). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Woods's application on January 22, 2020. (Tr. at 29). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Woods has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

II. **The Commissioner's Decision:**

The ALJ found that Woods had not engaged in substantial gainful activity since the alleged onset date of August 16, 2014.[2] (Tr. at 18). The ALJ found, at Step Two, that Woods had the following severe impairments: obesity, osteoarthritis (including degenerative joint disease in the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

knees with total knee replacement), anxiety or related disorder, depression or related disorder, and neurodevelopmental disorder, including attention deficit hyperactivity disorder ("ADHD"). *Id*.

After finding that Woods's impairments did not meet or equal a listed impairment (Tr. at 20), the ALJ determined that Woods had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with exceptions: (1) she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; (2) she cannot climb ladders and must avoid hazards, such as unprotected heights and dangerous moving mechanical parts; (3) she can perform simple, routine, and repetitive tasks; (4) she can make simple work-related decisions; (5) she can concentrate, persist, and maintain pace with normal breaks; (6) she requires incidental interpersonal contact with co-workers and no contact with the general public; and (7) she requires simple, direct, and concrete supervision. (Tr. at 23).

At Step Four, the ALJ found that Woods was unable to perform any past relevant work. (Tr. at 27). At Step Five, the ALJ relied upon the testimony of a Vocational Expert (VE) to find that, considering Woods's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 29). Therefore, the ALJ found that Woods was not disabled. *Id.*

### III. **Discussion**:

  A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,

"substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

    B. Woods's Arguments on Appeal

Woods contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ did not properly evaluate the opinion of Woods's treating psychiatrist; and (2) the ALJ failed to include limitations in concentration, persistence, and maintaining pace in the hypothetical posed to the VE. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

The arguments Woods raises in her brief mainly focus on her mental impairments. However, the Court notes that her physical impairments improved with treatment and did not interfere with her ability to perform a variety of daily activities. Her doctors encouraged her to exercise and lose weight, indicating that she had a greater functional capacity than she alleged.

(Tr. at 510).

Woods treated her mental impairments with medication and counseling. She correctly points out that she undertook over 100 counseling sessions. However, she reported improved mood in February 2018. (Tr. at 1297-1289). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Also, in February 2018, she reported being less anxious and less paranoid on new medication. (Tr. at 1296-1297, 1300-1301). Woods said that counseling helped her, but that she avoided therapy when she was doing well. (Tr. at 1840-1843). She said in September 2018 that she had an improvement in self-esteem. (Tr. at 1832-1835). In August 2019, Woods reported that suicidal thoughts were less often and less severe. (Tr. at 1760-1763). Treatment was helpful overall to Woods.

Dr. Cori Dyson, Woods's psychiatrist, filled out a medical source statement on October 11, 2019. She opined that Woods would be markedly or extremely limited in a variety of mental work functions. (Tr. at 1857-1860). The ALJ found Dr. Dyson's opinion was not persuasive. (Tr. at 27). Woods asserts that this was error.

An ALJ must give good reasons for her findings about the persuasiveness of doctors' opinions, and she should discuss the consistency and supportability of the opinion. *See Phillips v. Saul*, No 1:19-CV-00034-BD, at *4 (E.D. Ark. June 24, 2020). The ALJ did just that. She pointed to Woods's cooperative nature and good eye contact with providers. (Tr. at 27). She noted intact judgment. *Id*. She discussed Woods's improvement with mental health treatment. *Id*. And she observed that Woods could perform a variety of daily activities, like caring for two small children and performing housework.[3] (Tr. at 21, 27). Woods also said she could occasionally go to the

---

[3] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th

grocery store and drive a car. (Tr. at 345). All of these factors support the ALJ's finding that Dr. Dyson's imposition of extreme limitations was unpersuasive.[4]

Woods also alleges that the ALJ failed to include limitations in concentration, persistence, or maintaining pace in the hypothetical posed to the VE. This is not true. The ALJ specifically asked the VE about whether Woods could concentrate, persist and maintain pace with normal breaks. (Tr. at 82). She then included the same limitation in the RFC, as well as a limitation generally to simple work, which was consistent with the medical record. (Tr. at 20-23). And she also found moderate limitations in concentration, persistence, and pace at Step Three. *Id*. In fact, the ALJ gave credit to Woods's allegations of mental illness because she found mental impairments to be severe, even though the Disability Determination Services mental health experts found they were non-severe. (Tr. at 27). The ALJ gave proper consideration to limitations in concentration, persistence, and pace. *See Chismarich v. Berryhill*, 888 F.3d 978, 980-981 (8th Cir. 2018); *Williams v. SSA*, No. 2:18-cv-00174-BD *12-13 (E.D. Ark. Feb. 25, 2020).

**IV.   Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions and allowed for credible limitations in concentration, persistence, and pace. The finding that Woods was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

---

Cir. 2003).

[4] Also, Dr. Dyson's opinion was on a short checkbox form, which renders the opinion less persuasive. (Tr. at 1857-1860). See *Thomas v. Berryhill*, 881 F.3d 672, 675-676 (8th Cir. 2018).

IT IS SO ORDERED this 4th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE